UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENA SOLT,<br><br>               Plaintiff,<br><br>    v.<br><br>CSA AMERICA TESTING & CERTIFICATION LLC d/b/a CSA GROUP, a foreign limited liability company, CSA AMERICA STANDARDS, INC. d/b/a CSA AMERICA STANDARDS, a foreign nonprofit corporation, CSA AMERICA INC., a foreign corporation, and CSA CANDA INC., d/b/a CSA GROUP, a foreign corporation,<br>               Defendants. | Case No. C24-112-RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES |

    This matter comes before the Court on Plaintiff Dena Solt ("Plaintiff")'s "Motion to Strike Defendants' Affirmative Defenses, Dkt. #12. Defendants CSA America Testing & Certification LLC and CSA America Standards, Inc. ("Defendants") oppose the Motion, requesting that the Court deny it or grant it with leave to amend. Dkt. #15. The Court GRANTS Plaintiff's Motion for the reasons set forth below.

    An affirmative defense must be pled in such a way that plaintiffs have "fair notice" of the defense, which generally requires that defendants state the nature and grounds for the affirmative

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES- 1

defense. *See Employee Painters' Trust v. Pac. Nw. Contractors, Inc.*, 2013 WL 1774628, at *4 (W.D. Wash. Apr. 25, 2013).

Defendants list twenty-one affirmative defenses in their Answer. *See* Dkt. #15 at 17-23. Plaintiff refutes the following defenses in her Motion: (1) whether Defendants' First (Laches), Second (Waiver), Third (Estoppel), and Fifth (Unclean Hands) Equitable Affirmative Defenses provide fair notice as to which claims they apply to and whether they are appropriate defenses; (2) whether Defendants' Fourth (Consent), Thirteenth (Not Knowing, Willful, or Intentional), Sixteenth (No *Respondeat Superior* Liability), and Twentieth (Independent, Intervening, or Superseding Cause) Affirmative Defenses apply to any of Plaintiff's claims; and (3) whether there is any legal difference between Defendants' Eleventh (Avoidable Consequences) and Twelfth (Failure to Mitigate) Affirmative Defenses. Dkt. #12 at 2.

First, Defendants stipulate that the Fourth Affirmative Defense (Consent) does not apply to Plaintiff's minimum wage claim. Dkt. #15 at 6, n.2. Defendants also withdraw their Eleventh Affirmative Defense (Avoidable Consequences) stipulating to Plaintiff's third challenge listed above. *Id*.

Second, the Court has reviewed Defendants' affirmative defenses and finds that they do not provide adequate notice to Plaintiff because they do not state the nature and grounds for asserting the defense. Many of Defendants' defenses appear copied and pasted word-for-word. *See gen. id*. Other than a few sparse examples, "Defendants do not . . . plead which of [Plaintiff's] causes of action these equitable defenses might apply to, nor do they include any factual allegations concerning these defenses." *Tollefson v. Aurora Fin. Grp., Inc.*, 2021 WL 462689, at *4 (W.D. Wash. Feb. 9, 2021) (citing to *Seattlehaunts, LLC v. Thomas Family Farm, LLC*, 2020 WL 5500373, at *9 (W.D. Wash. Sep. 11, 2020). Accordingly, the Court will strike Defendants' First (Laches), Second (Waiver), Third (Estoppel), Fourth (Consent), Fifth (Unclean

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES- 2

Hands), Thirteenth (Not Knowing, Willful, or Intentional), Sixteenth (No *Respondeat Superior* Liability), and Twentieth (Independent, Intervening, or Superseding Cause) Affirmative Defenses. Defendants request leave to amend their Answer, and the Court finds that such leave should be given under these circumstances.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) The following affirmative defenses in Defendants' Answer are STRICKEN: Defendants' First (Laches), Second (Waiver), Third (Estoppel), Fourth (Consent), Fifth (Unclean Hands), Thirteenth (Not Knowing, Willful, or Intentional), Sixteenth (No *Respondeat Superior* Liability), and Twentieth (Independent, Intervening, or Superseding Cause) Affirmative Defenses.

2) Defendant' Eleventh Affirmative Defense (Avoidable Causes) is STRICKEN, as stipulated by Defendants.

3) Defendants' Fourth Affirmative Defense (Consent) does not apply to Plaintiff's minimum wage claim, as stipulated by Defendants.

4) Defendants are granted leave to file an amended Answer curing the above-mentioned deficiencies **no later than thirty (30) days** from the date of this Order.

DATED this 18th day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES- 3