UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENA SOLT,<br><br>                              Plaintiff,<br><br>    v.<br><br>CSA AMERICA TESTING & CERTIFICATION LLC d/b/a CSA GROUP, a foreign limited liability company; CSA GROUP TESTING & CERTIFICATION INC., a foreign corporation; CSA AMERICA STANDARDS, INC., a foreign corporation, d/b/a CSA AMERICA STANDARDS; and CSA AMERICA, INC. d/b/a CSA, a foreign corporation,<br><br>                              Defendants. | Case No. C24-112-RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENION OF TIME |

      The following matter comes before the Court on Plaintiff's Motion for Extension of Time, Dkt. #39.  Defendants oppose.  Dkt. #42.  For the following reasons, Plaintiff's Motion is GRANTED.

      On May 31, 2024, Defendants filed a Motion to Dismiss Party.  Dkt. #32.  Plaintiff filed her response on June 24, 2024.  Under the Court's local rules, Plaintiff's Response was timely, as it was filed by the Monday prior to the noting date of Friday, June 28, 2024.  *See* former LCR 7(d)(4).  However, per the amended local rules as of April 26, 2024, Plaintiff's Response was due 21 days after the filing of Defendant's Motion, on June 21, 2024.  *See* current LCR 7(d)(4).

Plaintiff states that her "counsel has since conducted training on the newest version of the Local Civil Rules to ensure this error does not occur in the future." Dkt. #39 at 2.

Defendants argue that Plaintiff's Motion should be denied because it caused prejudice to Defendants due to their required Reply filing date remaining unchanged and because Plaintiff's contended delay due to potentially filing under seal holds no water. Dkt. #42 at 1-2. Defendants' Reply was due no later than 28 days from the filing date, on June 28, 2024. See LCR 7(d)(4). Defendants filed their Reply on June 28, 2024. *See* Dkt. #37.

"A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline," LCR 7(j), and a motion for relief should be granted where "good cause" exists. *See Allstate Indem. Co. v. Lindquist*, No. C20-1508JLR, 2022 WL 1443676, at *2 (W.D. Wash. May 6, 2022). When seeking an extension, the good cause standard primarily considers the diligence of the party seeking the extension. *Id*.

The Court understands Plaintiff's confusion due to the revised noting and filing dates of the local rules and finds good cause to consider her Response. Due to the implications of Defendants' Motion, Dkt. #32, and ruling on said Motion with no Response from Plaintiff, *see* LCR 7(b)(2), the Court will consider Plaintiff's Response.

Accordingly, having considered the above Motion and remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Extension of Time, Dkt. #39, is GRANTED.

DATED this 29th day of July, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE