UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENA SOLT, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CSA AMERICA TESTING & CERTIFICATION LLC d/b/a CSA GROUP, a foreign limited liability company, *et al.*, <br><br> Defendants. | Case No. C24-112-RSM <br><br> ORDER DENYING PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT |

This matter comes before the Court on Plaintiff's Second Motion to Amend Complaint. Dkt. #40. Defendants oppose. Dkt. #45. Plaintiff requests to amend her Complaint to add Canadian Standards association as a defendant and clarify allegations against CSA Canada. Dkt. #40 at 1. For the following reasons, the Court DENIES Plaintiff's Motion.

This case was removed from King County Superior Court on January 25, 2024. Dkt. #1. The original deadline for amended pleadings was April 24, 2024. Dkt. #20. On May 3, 2024, this Court granted the parties' stipulated motion extending deadlines, including amended pleadings, until May 8, 2024. Dkt. #28. On May 9, 2024, the Court granted Plaintiff's Unopposed Motion for Leave to File Amended Complaint. Dkt. #30.

Pursuant to Fed. R. Civ. P. 15(a)(2), a "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson*, 975 F.2d at 607. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*. Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court." While prejudice to the party opposing the modification may provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

      While Plaintiff provides reasons pertaining to the Court's discretionary five factors, Plaintiff makes no extension of time request, nor does she provide any good cause reasoning why this Court should consider her request beyond the May 5, 2024, amended pleadings deadline. As Defendants note, Plaintiff knew Canadian Standards Association was the parent company from Defendants' corporate disclosure filed on February 7, 2024, *see* Dkt. #9, and it is hard to reconcile Plaintiff's central arguments concerning Canadian Standards Association with Plaintiff's supposed new discovery of their existence or involvement. Plaintiff provides no new evidence or reasoning for why she did not seek to add Canadian Standards Association to her Amended Complaint, which Defendants agreed to, though the same information was available at that time. Accordingly, the Court fails to find good cause to extend Plaintiff's deadline from May 5, 2024, and shall deny Plaintiff's request to file a Second Amended Complaint.

      Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Second Motion to Amend Complaint, Dkt. #40, is DENIED.

      DATED this 8th day of August, 2024.

                                                   RICARDO S. MARTINEZ
                                                 UNITED STATES DISTRICT JUDGE