UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENA SOLT,<br><br>                                        Plaintiff,<br><br>    v.<br><br>CSA AMERICA TESTING &<br>CERTIFICATION LLC d/b/a CSA GROUP,<br>a foreign limited liability company, et al.,<br><br>                                        Defendants. | Case No. C24-112-RSM<br><br>ORDER GRANTING MOTION TO<br>DISMISS PARTY |

## I.      INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss Party, Dkt. #32, Defendant CSA Group Testing & Certification ("CSA Canada") because it lacks the required contacts with this forum, and CSA Canada and CSA America Testing & Certification LLC ("CSA America") are truly separate entities, the Court cannot exercise personal jurisdiction over CSA Canada. *Id*.

Plaintiff alleges that CSA Canada employees made the decision to terminate her employment, CSA Canada manages the payroll for CSA America, the CSA entities share human resources information, and Plaintiff worked on CSA Canada's customers, CSA Canada is subject to this Court's jurisdiction. *See gen*. Dkt. #34.

ORDER GRANTING MOTION TO DISMISS PARTY - 1

For the reasons set forth below, the Court GRANTS Defendants' Motion.

## II.   BACKGROUND

For purposes of this Motion, the Court will accept all facts in the lates Amended Complaint, Dkt. #29, as true. The Court will briefly summarize the relevant facts.

Plaintiff, a Washington resident, was employed by Defendant CSA America in 2019, beginning virtual work in March 2020. CSA America is a subsidiary of the parent company, CSA Canada, though each reference themselves and do business as CSA Group. On several occasions, Plaintiff was told she would receive compensation for overtime hours, which were not reflected in her paychecks. Plaintiff complained to both her manager, KC Fletcher, and Inga Hipsz, a CSA Canada employee, about the unpaid overtime pay. KC Fletcher and Inga Hipsz exchanged emails concerning Plaintiff's complaints, as did Inga Hipsz to Martine Scheurmann, a CSA America Human Resources Manager. See Dkt. #52.[1] Plaintiff also submitted complaints concerning her manager and uncompensated travel costs, and complaints of sexual, misogynistic, and ageist harassment. On or around April 27, 2023, Inga Hipsz and CSA America terminated Plaintiff's employment via phone call.

Defendants move for dismissal of CSA Canada as a party due to this Court having no personal jurisdiction. Dkt. #32. Plaintiff alleges that CSA Canada, acting as a controlling single entity with CSA America, created and approved the policies, timesheets, paystubs, and Plaintiff's termination which Plaintiff implicates as unlawful in this case, thus justifying personal jurisdiction over CSA Canada. Dkt. #34.

## III.   DISCUSSION

---

[1] Plaintiff moved to file these emails as a supplement. Dkt. #48. In Response, Defendants requested the emails from Plaintiff and submitted them in an attached declaration, but they opposed Plaintiff filing a supplemental briefing. Dkts. #49-50. The Court considers these emails as stipulated by the parties.

### A. Legal Standard under Rule 12(b)(2)

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Where, as here, the motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts to avoid dismissal. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). While the plaintiff may not simply rely on the bare allegations of her complaint, uncontroverted allegations in the complaint are taken as true. *Schwarzenegger* at 800. Conflicts between the facts contained in the parties' briefings must be resolved in the plaintiff's favor. *Id*.

The question of whether personal jurisdiction exists in this case is governed by Washington's long-arm statute, which reaches as far as the Due Process Clause. RCW 4.28.185; Fed. R. Civ. P. 4(k)(2). Thus, the Court need only determine whether jurisdiction in this District comports with due process.

Due process requires that a non-resident defendant have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction can be specific or general. *Bristol-Myers Squib Co. v. Superior Ct.*, 582 U.S. 255, 262 (2017). Where a cause of action is unrelated to a defendant's contacts with the forum state, general jurisdiction is justified if a defendant's contacts are pervasive, continued, and systematic with the forum state. *Id*. Specific jurisdiction arises where a cause of action results from a defendant's contacts with the forum state. *Id*.

The Ninth Circuit applies a three-prong test to determine if specific jurisdiction exists: (1) the non-resident defendant must purposefully direct his activities or consummate some

transaction with the forum or resident thereof, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Schwarzenegger*, 374 F.3d at 802. The burden is on the plaintiff to satisfy this test. *Id*. If the plaintiff meets this burden, then the burden shifts to the defendant to "present a compelling case that the exercise of jurisdiction would not be reasonable." *Id*.

**B. Analysis**

Plaintiff attempts to show that this Court may exercise specific jurisdiction over Defendant CSA Canada by arguing that CSA Canada and CSA America have "a centralized leadership and ownership exercising control over employment relations such that they are a single enterprise for these claims." Dkt. 29 at ¶ 1.2.6. She alleges that she reported to and worked for CSA Canada employees. *Id*. She alleges that CSA Canada controlled all payroll, payroll policies, and corporate policies. *Id*. Furthermore, Plaintiff alleges that CSA Canada employee Inga Hipsz investigated Plaintiff's complaints and ultimately terminated Plaintiff's employment, thus showing that CSA Canada controlled CSA America's employment decisions. *Id*. at ¶¶ 1.2.6, 2.67.

The Court fails to find that Plaintiff's above assertions can be substantiated. Though Inga Hipsz participation in Plaintiff's employment perhaps shows that CSA Canada and CSA America share some managers or employees, Plaintiff fails to present facts showing that CSA America is simply an "alter ego" of CSA Canada or an agency relationship between the two. To show CSA America is merely an alter ego, "Plaintiff must establish there is such a unity of interest in ownership between the corporate entities that in reality no separate entities exists, and failure to

disregard the separate entities would result in fraud or injustice." *Coe v. Philips Oral Healthcare Inc.*, 2014 WL 585858, at *5 (W.D. Wash. Feb. 14, 2014) (citing *American Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996)). "To find an agency relationship, the 'parent company must have the right to substantially control its subsidiary's activities.'" *Diaz v. One Techs., LLC*, 2023 WL 6633842, at *1 (9th Cir. Oct. 12, 2023) (quoting *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024-25 (9th Cir. 2017)). Though Plaintiff primarily presents evidence that she contacted Inga Hipsz, that Inga Hipsz was in contact with Plaintiff's manager and CSA America Human Resources, and Inga Hipsz was on the call terminating Plaintiff's employment, this evidence fails to show the level of substantial control required. Plaintiff's allegations that a CSA Canada employee controls payroll[2], that CSA Canada sets policies and the handbook for both entities, and Plaintiff worked on CSA Canada customers' contracts also fail to show that CSA Canada exerts such control over CSA America that the two are not separate entities. Dkt. #34 at 3-5. The Court finds that Plaintiff has failed to present facts showing the requisite minimum contacts for person jurisdiction, and Plaintiff cannot simply rely upon the parent-subsidiary relationship to establish jurisdiction. Rush v. Savchuck, 444 U.S. 320, 331-32 (1980).

Because Plaintiff has failed to fulfill her burden of producing evidence to establish that CSA Canada either purposefully availed itself or directed activities toward Washington State or the United States in general, the Court cannot exercise specific jurisdiction over CSA Canada without violating due process. Therefore, Defendants' Motion to Dismiss Party will be granted.

C.    JURISDICTIONAL DISCOVERY

---

[2] Karen Hass, whom Defendant contends is a CSA America employee in the Cleveland, Ohio office. See Dkts. #32 at 7 n.3, #38 Bruene Decl. at ¶ 3, Ex. B.

Plaintiff argues that if the Court finds that the evidence presented does not support exercising personal jurisdiction over CSA Canada, Plaintiff should be allowed an opportunity to conduct discovery to gain more supporting evidence. Dkt. #34 at 11.

"Jurisdictional discovery is appropriate where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. C10-861RSM, 2011 WL 2470671, at *5 (W.D. Wash. 2011) (citing *Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535 (9th Cir. 1986); *see also Twentieth Century Fox Int'l Corp. v. Scriba*, 385 F. App'x 651, 653 (9th Cir. 2010). A court may deny jurisdictional discovery "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Am. W. Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989) (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)). "Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." *Pebble Beach Co. v. Caddy*, 433 F.3d 1151, 1160 (9th Cir. 2006) (quoting *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir.1995)). "District courts within the Ninth Circuit require a plaintiff to establish a 'colorable basis' for personal jurisdiction before granting jurisdictional discovery." *Chapman v. Krutonog*, 256 F.R.D. 645, 649 (D. Haw. 2009) (citing district court cases). "This 'colorable' showing should be understood as something less than a prima facie showing, and could be equated as requiring the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction over the defendant." *Id.*

At this time, the Court fails to find that Plaintiff has presented a "colorable basis" for jurisdictional discovery. As discussed above, Plaintiff's allegations concerning CSA Canada are too attenuated and bare to provide this Court with reason to grant jurisdictional discovery.

Furthermore, though noted for September 27, 2024, the Court has reviewed Plaintiff's "Motion to Compel the Deposition of Inga Hipsz" and jurisdictional discovery, Dkt. #51, and continues to find no basis for permitting jurisdictional discovery. Plaintiff argues that emails between Inga Hipsz and Plaintiff's manager, KC Fletcher, as well as Hipsz and Rich Weiser, the Vice-Present of Global Operations at CSA Canada, "signal[] CSA Canada's authority over [Plaintiff]'s employment decisions." *Id*. at 2-3. The Court finds these arguments to be the same as those presented in Plaintiff's Response, Dkt. #34, and provide no new or specific information enlightening how Hipsz deposition or jurisdictional discovery would demonstrate facts sufficient to find a basis for personal jurisdiction over CSA Canada. Therefore, the Court shall deny this Motion.

### IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendants' Motion to Dismiss Party, Dkt. #32, is GRANTED;

2) Defendant CSA Group Testing & Certification ("CSA Canada") is DISMISSED as a defendant to this action;

3) Plaintiff's Motion for Leave to Supplement Response to Defendants' Motion to Dismiss, Dkt. #48, is STRICKEN as moot;

4) Plaintiff's Motion to Compel, Dkt. #51, is DENIED.

DATED this 23rd day of September, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE